**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE W. XIA,

Plaintiff-Appellant,

v.

KENNETH L. SALAZAR, Secretary of
the Department of the Interior,

Defendant-Appellee.

No. 12-4034
(D.C. No. 2:10-CV-00025-BCW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Plaintiff-Appellant Wayne Xia appeals from the district court's order granting

summary judgment and dismissing his claim for retaliation under Title VII of the

Civil Rights Act of 1964.  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse

and remand.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Xia has been employed as a supervisor and civil engineer in the Bureau of Reclamation's Upper Colorado Regional Office in Salt Lake City, Utah, for 11 years. In 2007, he applied to be the Assistant Regional Director for the Upper Colorado Region. He was not selected. In April 2008, he filed an Equal Employment Opportunity Commission ("EEOC") claim alleging discrimination on the basis of race. The Department of Interior ("Department") dismissed the complaint as untimely on December 23, 2008. In October 2008, Mr. Xia and one other person applied for the position of power manager for the Upper Colorado Region. He was informed in February 2009 that the other applicant was selected.

Mr. Xia filed an administrative complaint claiming failure to hire based on retaliation for the 2008 EEOC complaint. The Department determined the agency had not retaliated, and Mr. Xia then filed this action against the Secretary of the Department ("Secretary"). The case was referred to a magistrate judge[1], who held that Mr. Xia had failed to show sufficient temporal proximity between the filing of his April 2008 EEOC complaint and his non-selection for the power manager position in February 2009 to establish the causal connection necessary for his prima facie case of retaliation. The district court granted summary judgment against Mr. Xia, who now appeals.

---

[1]    Both parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).

## II. DISCUSSION

A. *Legal Background*

We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party. *Stover*, 382 F.3d at 1070.

"Title VII contains an anti-retaliation provision that forbids an employer from discriminating against an individual because that individual . . . 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' pursuant to Title VII." *Pinkerton v. Colo. Dep't of Transp.*, 563 F.3d 1052, 1064 (10th Cir. 2009) (quoting 42 U.S.C. § 2000e-3(a)). Because Mr. Xia seeks to prove his claim through indirect evidence, the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies:

> To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. Once the plaintiff has made out a prima facie case, the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the employer articulates a legitimate reason for the action, then

> the plaintiff must demonstrate that the employer's asserted reasons are pretextual.

*Pinkerton*, 563 F.3d at 1064 (internal quotation marks and citations omitted).

B. ***Temporal Proximity***

Mr. Xia presented sufficient evidence on the first two factors of his prima facie case to avoid summary judgment. The parties dispute whether he can demonstrate the third factor—a causal connection between his 2008 EEOC filing and his non-selection for the power manager position. The Secretary argues, and the district court agreed, that the ten-month gap between Mr. Xia's April 2008 EEOC filing and his February 2009 non-selection for the power manager position is too attenuated to establish a causal connection. Mr. Xia argues that the time period should not be measured from April 2008, when he filed his EEOC claim, but from December 2008, when the EEOC completed the investigation. He argues that the six-week time period from December 2008 to his non-selection supports an inference of retaliation.

We agree with the district court that, under the relevant case precedent, Mr. Xia's temporal proximity argument fails. "A retaliatory motive may be inferred when an adverse action closely follows protected activity." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). We have held that "[a] six-week period between protected activity and adverse action may be sufficient, standing alone, to show causation, but a three-month period, standing alone, is insufficient." *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1231 (10th Cir. 2004).

Mr. Xia contends that Title VII supports measuring the time period from the conclusion of the EEOC investigation rather than the date of filing. Title VII states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has made a charge, testified, assisted, *or participated in any manner in an investigation*, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a) (emphasis added). Mr. Xia states that he engaged in protected conduct until December 2008 because he "participated in" the ongoing investigation.

The Supreme Court and this court have rejected this argument. In *Clark County School District v. Breeden*, 532 U.S. 268, 273 (2001), the Supreme Court found it "utterly implausible" that the EEOC's issuance of a right-to-sue letter, issued at the conclusion of the investigation, was a protected activity because it was "an action in which the employee takes no part." Similarly, the plaintiff in *Proctor v. United Parcel Service*, 502 F.3d 1200, 1209 (10th Cir. 2007), argued that "because [the defendants] were dealing with [the plaintiff's] complaint until December 2003, [the plaintiff] engaged in protected conduct until the agency issued its decision." In response, we noted that the Supreme Court had found this argument "utterly implausible." *Id*. We determined in *Proctor* that the plaintiff "took no part in the agency determination. He engaged in protected activity when he filed the administrative charge . . . after which more than four months passed before his discharge." *Id*.

Mr. Xia offers no evidence of his participation in the EEOC investigation of his claim other than filing it in April 2008. *Cf. McGowan v. City of Eufala*, 472 F.3d 736, 744 (10th Cir. 2006) (finding evidence of causation where plaintiff gave deposition testimony in her Title VII lawsuit the day before she was fired). Thus, the time between Mr. Xia's protected activity and his employer's adverse action is correctly measured from the filing of his complaint in April 2008. Under our precedent, the ten-month gap between the filing date and the date of the adverse action does not imply causation.

### C. *Unique Circumstances*

Mr. Xia urges us to apply the "unique circumstances" test to find temporal proximity within the ten-month gap. He fashions this "test" from *Wells v. Colorado Department of Transportation*, 325 F.3d 1205, 1217 (10th Cir. 2003). In *Wells*, we found "unique circumstances" where a plaintiff filed a charge of discrimination and then promptly took a five-month leave of absence. Within a week of her return from leave, her supervisor transferred her from her job as an engineer to a position counting cars on a street corner. The court found the "unique circumstances" of her extended leave overcame the otherwise too-lengthy five-month period between her protected conduct and the adverse action taken against her. *Id*. No other Tenth Circuit cases have applied this test, and we discern no similar circumstances here.

### D. *Other Evidence*

We have, however, consistently held that "unless the [adverse action] is *very closely* connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation." *Anderson*, 181 F.3d at 1179; *see also Kelley v. City of Albuquerque*, 542 F.3d 802, 819 n.17 (10th Cir. 2008) (noting that temporal proximity is only "one of several ways of proving or disproving causation"). Indeed, we look at all evidence of retaliatory motive to support a causal connection, including pretext evidence "typically considered in a later phase of the *McDonnell Douglas* analysis." *Wells*, 325 F.3d at 1218; *see also Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1316-17 (10th Cir. 2006) (using pretext evidence where timing alone does not support inference of causation). A district court errs when it "refus[es] to consider pretext in determining there was no evidence of a causal connection between" a plaintiff's protected activity and an employer's adverse action. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1029 (10th Cir. 2012).

In this case the magistrate judge held that Mr. Xia failed to establish causation through temporal proximity. But there is no indication from the order that the district court considered other evidence in its causation analysis. It discussed the "unique circumstances" test from *Wells* and correctly held it does not apply here. But that analysis stops short of considering Mr. Xia's other evidence relating to causation.

The Secretary argues that Mr. Xia did not offer other evidence of causation and therefore has waived any consideration of such evidence now. Mr. Xia did

- 7 -

however attempt to offer such evidence in his response to the Secretary's summary judgment motion. His response referred to "other evidence of retaliation set forth below," in support of his "prima facie case." Aplt. App. at 215. Mr. Xia then argued that the reason for failing to promote him was pretextual, citing (1) his qualifications relative to the other candidate's; (2) the hiring official's knowledge of Mr. Xia's 2008 EEOC complaint and that official's having worked directly with and for persons who had been individually named in Mr. Xia's EEOC complaint; and (3) the hiring official's knowledge that the other candidate for the power manager job did not plan to stay in Salt Lake City, maintained a home in Colorado, and was planning a move back to Colorado.

Mr. Xia offered this other evidence in the form of deposition testimony, affidavits, and declarations of the parties involved, as well as his and the other candidate's official application for the power manager position, which Mr. Xia attached to his opposition to the motion for summary judgment. *See* Aplt. App. at 190 – 339. Thus, no waiver occurred, and the district court was obliged to consider such evidence in its causation analysis of Mr. Xia's prima facie case. *See Bertsch*, 684 F.3d at 1029.

We express no view on the admissibility, weight, or credibility of Mr. Xia's "other evidence." We leave that to the district court, which is the proper first arbiter to address Mr. Xia's prima facie claim. *See Barone v. United Airlines, Inc.*, 355 F. App'x 169, 186 (10th Cir. 2009) (court declined to conduct remaining *McDonnell*

*Douglas* analysis "because the district court never reached the issue of pretext, and given the somewhat conflicting evidence in the record, it will likely prove to be a highly fact intensive inquiry").

## III.    CONCLUSION

Although we concur in the magistrate judge's analysis of the temporal proximity issue, we **REVERSE** the judgment of the district court and **REMAND** the case for proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge